UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McMANN, EILEEN R. MCMANN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>CHARLES BAKER, JR., in his official capacity as Governor of Massachusetts; STEPHANIE POLLACK, in her official capacity as Secretary of Transportation; ERIN DEVENEY, in her official capacity as Registrar at Massachusetts Department of Transportation; CHRISTOPHER C. HARDING, in his official capacity as Commissioner of the Massachusetts Department of Revenue; CHARLES BORSTEL, in his official capacity as Director of the Division of Profession Licensure; and MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>    Defendants. | C.A. No. 18-cv-11550-LTS |

## DEFENDANTS' MOTION TO DISMISS

Defendants, Charles Baker, Jr., Stephanie Pollack, Erin Deveney, Christopher C. Harding, Charles Borstel, and Maura Healey, hereby move to dismiss the complaint. The plaintiffs, Paul J. and Eileen R. McMann, filed this putative class action seeking to challenge the constitutionality of two Massachusetts statutes that aim to promote the collection of overdue state taxes: (1) M.G.L. c. 62C, § 47B, which provides for suspension, revocation, non-issuance or non-renewal of a delinquent taxpayer's driver's license or motor vehicle registration; and (2) M.G.L. c. 62C, § 47A, which provides for suspension or revocation and non-renewal of a delinquent taxpayer's professional licenses. Specifically, plaintiffs claim that the challenged

statutes violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution.

The plaintiffs' complaint must be dismissed for two reasons. *First*, as detailed below, the plaintiffs' drivers' licenses and vehicle registrations have already been reinstated, eliminating any harm to them as a result of M.G.L. c. 62C, § 47B. They therefore lack standing to pursue their claims concerning the constitutionality of that statute. And, although plaintiff Paul McMann's license to practice as a real estate salesperson has not been reinstated, for the reasons discussed below, the harm to him under M.G.L. c. 62C, § 47A, is limited and likely not redressable. Therefore, he does not have standing to raise that claim. Moreover, even if he did, the claim still would not be ripe, due to his failure to pursue a simple administrative procedure that might resolve the claim. Thus, all of the claims should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). *Second*, even if the Court were to reach the merits of plaintiffs' claims, the claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because the statutes are constitutional.

In further support of this motion, the defendants refer the Court to their accompanying memorandum of law, submitted herewith.

WHEREFORE, the defendants respectfully request that this Court dismiss the complaint in this case in its entirety.

Respectfully submitted,

CHARLES BAKER, JR., in his official capacity as Governor of Massachusetts; STEPHANIE POLLACK, in her official capacity as Secretary of Transportation; ERIN DEVENEY, in her official capacity as Registrar at Massachusetts Department of Transportation; CHRISTOPHER C.

HARDING, in his official capacity as Commissioner of the Massachusetts Department of Revenue; CHARLES BORSTEL, in his official capacity as Director of the Division of Profession Licensure; and MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL,


*/s/ Elizabeth Kaplan*
Elizabeth A. Kaplan, BBO #568911
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2075
Elizabeth.kaplan@mass.gov


## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with the plaintiffs, who are *pro se*, by e-mail and phone, and have attempted in good faith to narrow or resolve the issues that form the basis for this motion. After conferring, we were unable to narrow or resolve the issues presented by this motion.

*/s/ Elizabeth Kaplan*
Elizabeth Kaplan
Assistant Attorney General

February 19, 2019


## CERTIFICATE OF SERVICE

I certify that, on February 19, 2019, this document was filed through the Electronic Case Filing (ECF) system and thus copies of will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

*/s/ Elizabeth Kaplan*
Elizabeth Kaplan
Assistant Attorney General