UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McMANN, EILEEN R. MCMANN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br><br>CHARLES BAKER, JR., in his official capacity as Governor of Massachusetts; STEPHANIE POLLACK, in her official capacity as Secretary of Transportation; ERIN DEVENEY, in her official capacity as Registrar at Massachusetts Department of Transportation; CHRISTOPHER C. HARDING, in his official capacity as Commissioner of the Massachusetts Department of Revenue; CHARLES BORSTEL, in his official capacity as Director of the Division of Profession Licensure; and MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>    Defendants. | C.A. No. 18-cv-11550-LTS |

## **PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS**

    Now come Plaintiffs, Paul J. McMann and Eileen R. McMann, and others similarly situated, who hereby oppose the Motion to Dismiss filed by the Defendants on the following grounds:

1. The case should not be dismissed because although the plaintiff's licenses and car registration have been reinstated, the reinstatement was not unilaterally done by the Commonwealth of Massachusetts but was paid for by the Plaintiffs after the fact.

2. The reinstatement of the plaintiffs' licenses and car registration was only temporary, and the reinstatement may be revoked again without a hearing on the plaintiffs' ability to pay.

3. The issue is not as the Defendants say, whether the license can be reinstated after it was revoked. The issue is whether the state has the right to revoke the

license for nonpayment of taxes without any due process or consideration of the party's ability to pay, and even when it will cause extreme hardship on the plaintiffs. The issue is not whether the plaintiffs can avail of an administrative remedy to have their licenses and registration reinstated as this is done after fact and at considerable cost, which becomes extra burdensome on someone who is already under financial duress.

4. The issue is whether it is lawful and reasonable for the state to automatically and unilaterally revoke a license and a car registration of a tax payer simply for failure to pay taxes due.

5. The issue is whether the issuance of a license and car registration is conditioned on the plaintiffs paying taxes dutifully-- there is no requirement for a driver to pay taxes to keep his license and registration.

6. While a driver's license is a privilege and not a right, the privilege is a vested right that subsists until the licensee is found to not have the necessary qualifications to hold the license. The court has deemed that the state has the right to license individuals to drive and to register vehicles for the greater purpose of public safety. While the licensee has the public safety qualifications to hold the license, the license cannot be unilaterally and automatically revoked by the state for issues non-related to public safety.

7. The revocation of the license and car registration of the plaintiffs should not have been unilateral, and it should have been done only after a fact-finding determination that the plaintiffs had the capacity to pay and simply refused to pay taxes. Even where the issue of the revocation is public safety, a hearing is held.

8. The fact was, the plaintiffs had no capacity to pay the taxes due to the state of Massachusetts and their licenses and their car registration were necessary for the plaintiffs to earn a living. Thus, deprived of the capacity to earn a living, extreme hardship was caused to him and to his family. The revocation of driver's licenses and car registration without any due process penalized not only the plaintiffs but also their minor children.

9. The state did not even determine first if the taxpayer had the capacity to pay the taxes in arrears before revoking the driver's license and his car's registration. They did not allow the plaintiffs to provide proof of their inability to pay the taxes due until after the revocation.

10. This law allowing the state of Massachusetts to revoke drivers' licenses and car registration automatically and unilaterally is unfair to people who are poor and unable to pay the reinstatement fee to have their license reinstated.

11. The revocation of the car registration is, in effect, a confiscation of property because while the driver still had possession of his car, he was deprived of its

use – because the vehicle registration was unilaterally and arbitrarily revoked. The plaintiffs had two children aged 17 and 20 who needed to use the car to get to work and could have used the family car to go to work, but they could not use the car either because the car registration was revoked. They, too, had been deprived of the family resource (the family car) even if they had not committed any crime and even if they had not had unpaid taxes due.

12. There was injury done to the plaintiffs and to their family.  The revocation deprived both plaintiffs of the means to earn their living to support their minor children during the time that the license and registration were unilaterally revoked by the state, further compound their financial difficulties.

13. The injury done to the plaintiffs was also evident in that they had to pay over $1,500 to have their licenses and car registration reinstated. It was money the plaintiffs had to borrow from another person and have not yet paid back.

14. The administrative remedy available to the plaintiffs after the state had automatically and unilaterally revoked their licenses would further impoverish them.

15. Normally, driver's licenses in Massachusetts are suspended or revoked for excessive moving violations creating a surcharge of accumulated points. The plaintiffs had not given any reason for the suspension or revocation of his driver's license as neither of them has committed misdemeanors or crimes such as driving under the influence of drugs or alcohol, driving without insurance, psychological or physical disqualification. The plaintiffs had not accumulated speeding violations. Non-payment of taxes should not be a cause that renders the driver unfit to drive on the roadways of Massachusetts. A driver's license is a right to drive on the roadways of Massachusetts provided that the licensee has shown through the driving test, that he is qualified to drive and not a hazard to the public.

16. The revocation of the driver's license and registration was a coercive measure by the state, similar to debtor's prison, to ensure payment of taxes. It has nothing to do with the plaintiffs' fitness to operate a vehicle. While the state has the power and the prerogative to collect taxes, it must do so from citizens who have the ability to pay them and not from citizens who, because of poverty, are incapable of paying them.

17. To revoke the driver's license and registration of a taxpayer for no other cause than mere failure or inability to pay taxes and without first determining whether the non-payment of taxes was due to poverty is GRAVE ABUSE OF DISCRETION amounting to lack or excess of jurisdiction.

18. A law that enables the state of Massachusetts, its officers and agents, to automatically and unilaterally revoke licenses and car registrations without a prior

determination of the driver's ability to pay taxes contradicts and violates the driver's right to due process and equal protection and is thus unconstitutional.

19. Even if the plaintiffs' driver's licenses and car registration had been reinstated, nothing stops the state of Massachusetts from revoking the driver's licenses and car registration of others who, like the plaintiffs, are unable to pay their taxes and who may not have the means to have their licenses and registration reinstated.

20. Although the plaintiffs have temporarily had their drivers licenses and vehicle registration reinstated, there are others in the class who have not, thereby making the claim still relevant.

Respectfully submitted on this day, March 3, 2019 by Plantiffs

Paul McMann

/s/ Paul McMann

_____

Pro Se
178 Boston Post Rd
Weston, MA 02493

Tel. 781-839-0896
Email: pauljmcmann@gmail.com

Eileen McMann

/s/ Eileen McMann

_____

Pro Se
178 Boston Post Rd
Weston, MA 02493

Tel. 617-839-1931
Email: eileenmcmann@gmail.com

**CERTIFICATE OF SERVICE**

I certify that, on March 3, 2019, this document was filed through the Electronic Case Filing (ECF) system and thus copies of will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

        Paul McMann

        /s/ Paul McMann
        _____