UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL J. McMANN, EILEEN R. McMANN, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 18-11550-LTS |
| CHARLES BAKER, et. al. | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 23)

March 25, 2019

SOROKIN, J.

Plaintiffs Paul and Eileen McMann filed a pro se complaint against various Massachusetts officials including the Governor, Secretary of Transportation, and Attorney General. Doc. No. 1. The McManns challenge the constitutionality of two Massachusetts statutes: Mass. Gen. Laws. ch. 62C § 47B, which authorizes the suspension, revocation, non-issuance, or non-renewal of a delinquent taxpayer's driver's license or vehicle registration, and Mass. Gen. Laws. ch. 62C § 47A, which authorizes the suspension or revocation and non-renewal of a delinquent taxpayer's professional licenses. Essentially, the McManns contend that the United States Constitution bars the revocation or suspension of these various state issued licenses when, as they allege is the case here, the McManns have no funds with which to pay their outstanding tax debts. The complaint also purports to bring a class action on the same bases.

The McManns lack standing to bring the claims challenging § 47B ("the driver's license claims"). Both plaintiffs had their driver's licenses reinstated pursuant to hardship status prior to serving the complaint on the defendants. See Doc. No. 23-6. As defendants note, because the McManns had not yet received the confirmation of hardship status at the time they filed the complaint, the notice granting hardship would have mooted the case if there was in fact standing to begin with. Doc. No. 23-1 at 7 n.6. No matter the status at the outset of the case, it is undisputed that both McManns are currently approved for hardship status and their driver's licenses have been reinstated. Doc. No. 30-1 (approving the McManns for an additional period of hardship status beginning February 20, 2019). Though the McManns assert that their hardship status is only temporary, the possibility that this status will not be renewed is merely speculative harm, which is not sufficient to confer standing. Without an active injury, the plaintiffs may not properly assert a claim. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (holding that a plaintiff only has standing if she has suffered an injury which is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"). The driver's license claims are therefore DISMISSED for lack of standing, or alternatively, as moot.

The claims relating to § 47A ("the professional license claims") only relate to Mr. McMann insofar as the complaint asserts that he is the only one of the two named plaintiffs who had a professional license revoked. However, Mr. McMann also lacks standing to assert the professional license claims. The Court takes judicial notice of Mr. McMann's 2013 criminal conviction[1] and recognizes that Massachusetts law allows professional boards to suspend or revoke a license of someone who has been convicted of a criminal offense. See Mass. Gen. Laws. ch. 112, § 61(4). In order to have standing, a plaintiff must show that it is "likely, as

---

[1] United States v. Paul J. McMann, No. 10-CR-10387-RWZ (D. Mass.).

opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 560 (quotation marks and citations omitted). Given his criminal conviction, Mr. McMann has not alleged sufficient facts to support plausibly the conclusion that his injury (the suspension or revocation of his professional license) is likely to be redressed by a favorable decision by this Court, and therefore, he does not have standing to bring the professional license claims. Furthermore, the professional license claims are not ripe for the reasons discussed in the defendants' memorandum. Doc. No. 23-1 at 12-14. Accordingly, the professional license claims are DISMISSED.

"In a class action suit with multiple claims, at least one named class representative must have standing with respect to each claim." William Rubenstein, 1 Newberg on Class Actions § 2:5 (5th ed.). Because neither plaintiff has standing with respect to any of the claims in the complaint, there may be no class action. See Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

The Court further notes that the McManns filed the complaint pro se, but a class can only be represented by counsel who is qualified to do so.

For the foregoing reasons, the motion to dismiss, Doc. No. 23, is ALLOWED in its entirety.

SO ORDERED.

 /s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge